**IT IS ORDERED as set forth below:**



**Date: February 3, 2022**

_Susan D. Barrett_
Susan D. Barrett
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 Case |
| SUE CAROL KNIGHT | ) | No. 15-60110 |
| d/b/a Martha's Kitchen Old | ) | |
| Fashioned Cakes, | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| SUE CAROL KNIGHT, | ) | Adversary Proceeding |
| | ) | No. 17-06006 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLES BANK, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

OPINION AND ORDER

Sue Carol Knight ("Plaintiff") filed this adversary

complaint contending Peoples Bank violated the §524[1] discharge injunction.  Peoples Bank contends these matters were conclusively decided by the state court and Plaintiff lacks standing to pursue these claims.  Dckt. No. 66, pp. 1-2. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O) and the Court has jurisdiction pursuant to 28 U.S.C. §1334.  For the following reasons, Peoples Bank's Motion to Dismiss for lack of standing is denied.

## FACTS

The facts are as follows:

1. In 2015, Sue Carol Knight, d/b/a Martha's Kitchen Old Fashioned Cakes ("Debtor") filed a chapter 13 bankruptcy which was subsequently converted to a chapter 7.  Underlying Case No. 15-60110, Dckt. Nos. 1 and 92.

2. At the time the bankruptcy petition was filed, Peoples Bank held a lien on some of Debtor's bakery equipment. Dckt. No. 1-1, Exs. A-C.

3. The loan was made in the name of Sue Carol Knight, d/b/a Martha's Kitchen.  Dckt. No. 1-1, Ex. A.

---

[1]  Unless otherwise noted all statutory references are to Title 11 of the U.S. Code.

4. After the loan was made, Plaintiff formed a separate Georgia limited liability company called Martha's Legacy Old Fashioned Cakes, LLC ("Legacy"). Dckt. No. 1-1, Ex. D.

5. Plaintiff contends Legacy obtained its own baking equipment, separate and distinct from Debtor's equipment. Dckt. No. 1, Compl. ¶15; Dckt. No. 1-1, Ex. F.

6. Peoples Bank obtained relief from the automatic stay by consent order ("Order for Relief") as to the collateral securing its loan with Debtor. Underlying Case No. 15-60110, Dckt. No. 113.

7. Debtor received a bankruptcy discharge shortly thereafter. Underlying Case No. 15-60110, Dckt. No. 115.

8. Peoples Bank and its attorney were served with the discharge order. Underlying Case No. 15-60110, Dckt. No. 116.

9. Thereafter, Peoples Bank filed a Complaint and Petition for Immediate Writ of Possession against Sue Carol Knight, d/b/a Martha's Kitchen. Dckt. No. 1-1, Ex. G.

10. The petition states:  "Defendant [Sue Knight d/b/a Martha's Kitchen] is an individual" and "Defendant [Sue Knight d/b/a Martha's Kitchen] is currently justly and truly indebted to Plaintiff in the amount of $48,539.46 principal."  Dckt. No. 1-1, Ex. G, p. 33; Dckt. No. 1, Compl. ¶¶20-21.

11. The petition further alleges Debtor wrongfully moved "collateral to a new location" and refused to make the collateral available for repossession and warns that without an immediate writ Debtor would have the opportunity "to steal the secured property." Dckt. No. 1, Compl. ¶22; Dckt. No. 1-1, Ex. G, p. 36.

12. The petition prays that "all costs of this action be cast upon [Sue Carol Knight d/b/a Martha's Kitchen]." Dckt. No. 1-1, Ex. G, p. 36.

13. The state court summons provides "[i]f you fail to [respond], judgment by default will be taken against you for the relief demanded in the complaint." Dckt. No. 1, Compl. ¶28; Dckt. No. 1-1, Ex. K.

14. Ultimately, Peoples Bank obtained a Writ of Possession from the Superior Court of Toombs County, Georgia. Dckt. No. 1-1, Ex. I.

15. Thereafter, agents of Peoples Bank, along with officers from the Toombs County Sheriff's Department, executed on the Writ, seizing property that Plaintiff claims belonged to Legacy, not Debtor. Dckt. No. 1, Compl. ¶¶26, 30; see also Dckt. No. 66, Ex. A, pp. 6-8.

16. In this adversary, Plaintiff alleges Peoples Bank violated Debtor's discharge injunction when it filed the Petition for Writ and seized the property. Dckt. No. 1, Compl. ¶¶31-32.

17. Earlier in these Bankruptcy Court proceedings, Defendant argued all the claims and issues brought in this adversary proceeding were already pending in a state court proceeding and requested this Bankruptcy Court abstain from ruling on this matter until the state court ruled. Dckt. No. 4, p. 3, Third Defense; Dckt. No. 21, p. 4; Dckt. No. 25, pp. 5-9.

18. In response, this Court stayed this adversary proceeding pending the resolution of the state court proceedings. Dckt. No. 42.

19. The state court ultimately entered an order in favor of Peoples Bank, finding Debtor did not have standing to pursue Legacy's purported injuries. Dckt. No. 66, Ex. A, pp. 4-9.

20. Based upon the state court ruling, Peoples Bank asks this Bankruptcy Court to dismiss this adversary for Plaintiff's lack of standing. Dckt. No. 66, pp. 1-2.

## CONCLUSIONS OF LAW

Peoples Bank moves for this adversary proceeding to be dismissed arguing Plaintiff lacks standing to pursue a violation of her discharge injunction since the state court ruled she did not

have standing to pursue Legacy's purported injuries. Id. For the

following reasons, the Court disagrees.

> Section 524(a)(2) of the bankruptcy code provides that a
> discharge of debt in a bankruptcy proceeding "operates as
> an injunction against the commencement or continuation of
> . . . an act . . . to collect . . . any such [discharged]
> debt.". . . This injunction is enforced through section
> 105, whereby the bankruptcy court "may issue any order,
> process, or judgment that is necessary or appropriate to
> carry out the provisions of this title."

Roth v. Nationstar Mortg., LLC (In re Roth), 935 F.3d 1270, 1275

(11th Cir. 2019)(internal citations omitted). A discharge

violation may be found if the Court finds "the objective effect of

the creditor's action is to pressure a debtor to repay a discharged

debt." Id. at 1276 (citing Green Point Credit, LLC v. McLean (In

re McLean), 794 F.3d 1313, 1322 (11th Cir. 2015)).

To have standing to pursue such a claim, Plaintiff must

have: 1) suffered an injury; 2) there must be a causal connection

between the injury and conduct complained of; and 3) the injury can

be redressed by a favorable decision. Lujan v. Defs. of Wildlife,

504 U.S. 555, 560 (1992). At this stage in the proceedings, the

focus is upon whether Plaintiff has standing to pursue her claims

of a discharge injunction violation, not whether a violation

occurred. "For purposes of ruling on a motion to dismiss for want

of standing, [the Court] must accept as true all material

allegations of the complaint and must construe the complaint in

favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975).

Plaintiff alleges she was injured when Peoples Bank took actions against her individually in purported violation of the discharge injunction. Dckt. No. 1, Compl. ¶¶20-22 and 28. Peoples Bank's Petition for Immediate Writ of Possession was filed against "Sue Carol Knight d/b/a Martha's Kitchen" and asserts "Sue Carol Knight d/b/a/ Martha's Kitchen is indebted to Peoples Bank in the amount of $48,539.46 principal." Dckt. No. 1-1, Ex. G, p. 33. It prays for "all costs of this action be cast upon [Sue Carol Knight d/b/a Martha's Kitchen]." Id. at p. 36. There is no disclaimer in the Petition denoting that Peoples Bank is not seeking to hold the Debtor, Sue Carol Knight d/b/a Martha's Kitchen, individually liable for these costs. Id. at Ex. G.[2] The Summons further states if Sue Carol Knight d/b/a/ Martha's Kitchen fails to respond to Peoples Bank "judgment by default will be taken against you for the relief demanded in the complaint." Dckt. No. 1-1, Ex. K.

Similar to an order for stay relief and discharge in a foreclosure context, the Order for Relief and Discharge Order in

───────────────────

[2] While the petition mentions Debtor filed bankruptcy and that relief from the stay had been granted, it fails to mention the discharge order or to disclaim its efforts to hold Debtor personally liable.

this action allowed Peoples Bank to pursue its collateral for its debt, but not Debtor personally. See In re Prisco, 2017 WL 3575854, at *8 (Bankr. N.D.N.Y. Aug. 14, 2017) ("A foreclosure action does not violate the discharge injunction as long as a deficiency judgment is not sought against the Debtor."); see also In re MacIntyre, 850 F. App'x 634, 637 (10th Cir. 2021)(discussing how a discharge injunction precludes in personam actions by creditors but not in rem actions). In Prisco, "the foreclosure summons specifically stated, '[t]he Plaintiff makes no personal claim against you in this action' . . . the complaint does not seek a deficiency judgment . . . [and] the Motion for Summary Judgment [has] no indicia of any attempt to hold the Debtor personally liable." Prisco, 2017 WL 3575854 at **8-9 (internal citation omitted).

In the case currently before the Court, the Petition for Writ, the Summons, and the Writ have no personal liability disclaimers and the Petition expressly seeks costs to be cast upon the Debtor. Compare Prisco, 2017 WL 3575854 at **8-9 (noting the disclaimers set forth in the summons and no indica in complaint of a deficiency judgment being sought against the debtor individually), and Mele v. Bank of Am. Home Loans (In re Mele), 486 B.R. 546 (Bankr. N.D. Ga. 2013)(finding no violation when many

disclaimers were included in the creditor's various contacts with the debtor) with In re Plummer, 513 B.R. 135, 145-46 (Bankr. M.D. Fla. 2014)(ruling that seeking attorney fees incurred in a foreclosure action violated the discharge injunction), Mocini v. Rental Serv. Corp., USA (In re Mocini), 2010 WL 11719123 at *5-6 (Bankr. M.D. Fla. Mar. 30, 2010)(finding a violation when a creditor named a debtor personally in an administrative complaint that omitted debtor's bankruptcy status and included Debtor's personal guaranty), and In re Grihalva, 2013 WL 5311227 at *5-6 (Bankr. D. Nev. Sept. 3, 2013)(finding a violation when the creditor's complaint sought to subject the debtor to personal liability for the full amount of the indebtedness, preserved the possibility of a deficiency being sought, and failed to state that the relief was limited in any way by the debtor's discharge).

At this stage in the proceedings, Debtor has alleged sufficient claims to survive a motion to dismiss on standing grounds. She has alleged an injury and a causal connection between Peoples Bank's actions and her purported injury. This purported injury can be redressed by a favorable decision from this Bankruptcy Court. See Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 970 (11th Cir. 2012)(stating "the court that issued the injunctive order alone possesses the power to enforce compliance with and punish

contempt of that order."). Therefore, while Debtor does not have standing in this Bankruptcy Court to pursue Peoples Bank's actions against Legacy,[3] she does have standing to pursue claims of a violation of the discharge injunction in this forum. See generally Ryerson v. Chase Manhattan Mortg. Corp. (In re Ryerson), 2006 WL 3804675, at *3 (Bankr. M.D. Fla. Nov. 20, 2006)(noting courts have universally recognized debtors have standing to pursue actions for discharge injunction violations).

For these reasons, Peoples Bank's assertions that Plaintiff lacks standing to pursue a violation of the discharge injunction is ORDERED DENIED as detailed herein. The Clerk is directed to set a pre-trial status conference on the Court's next available adversary day.

[END OF DOCUMENT]

---

[3] Legacy may have rights outside the bankruptcy forum.